THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Estate of BERNICE KEKONA by its personal representative, Darlene Bloyed,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC., an Alaska Corporation; ALASKA AIR GROUP, INC., a Delaware Corporation; and HUNTLEIGH USA CORPORATION, a Missouri Corporation,<br><br>Defendants. | CASE NO. C18-0116-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Huntleigh USA's ("Huntleigh") motion to dismiss for lack of personal jurisdiction (Dkt. No. 20). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS Huntleigh's motion for the reasons explained herein.

**I.  BACKGROUND**

This is a wrongful death and survival action brought by the Estate of Bernice Kekona. (*See generally*, Dkt. No. 1-2.) The Court has described the facts of this case in a previous order and will not repeat them here. (*See* Dkt. No. 22 at 1–3.) Mrs. Kekona was a citizen of Washington State. (Dkt. No. 23 at 2.) Defendant Huntleigh is a Missouri corporation with its

1 principal place of business in Texas. (Dkt. No. 21 at 1.) Plaintiff alleges Huntleigh failed to provide a required gate-to-gate escort while Ms. Kekona was transferring between Alaska Airlines flights at Portland International Airport and, as a result of that failure, Ms. Kekona suffered fatal injuries. (Dkt. No. 1-2 at 4–15, 17–20.)

Huntleigh moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). (Dkt. No. 20 at 1.)

## II. DISCUSSION

### A. Standard of Review

Claims against a defendant may be dismissed when a court lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a defendant seeks dismissal on these grounds, the plaintiff must prove jurisdiction is appropriate. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). To determine whether it has jurisdiction over a defendant, a federal court applies the law of the state in which it sits, as long as that law is consistent with federal due process. *Diamler AG v. Bauman*, 134 S. Ct. 746, 753 (2014). Washington grants courts the maximum jurisdictional reach permitted by due process. *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004). Thus, the only question remaining for a Washington district court is whether the Court's exercise of jurisdiction comports with the limitations imposed by due process. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984). A court may not exercise jurisdiction over a defendant if that exercise of jurisdiction "offend[s] traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Fair play and substantial justice mandate that a defendant has minimum contacts with the forum state before it may be hailed into a court in that forum. *Id.* The extent of those contacts can result in either general or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). If the requirements for either are met, a court has jurisdiction over the parties. *Helicopteros*, 466 U.S. at 413-14.

//

**B. General Jurisdiction**

General jurisdiction permits a court to consider claims against a person or a corporation for any conduct, even that which occurred outside the forum state. *Goodyear*, 564 U.S. at 924; *Daimler*, 134 S. Ct. at 754. A corporation's mere presence within a state is not sufficient to establish general jurisdiction. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017). Rather, the corporation's contacts with the state must be "so continuous and systematic as to render [it] essentially at home." *Goodyear*, 564 U.S. at 919. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* "Th[at] inquiry 'calls for an appraisal of a corporation's activities in their entirety.'" *BNSF*, 137 S. Ct. at 1559 (quoting *Daimler*, 134 S. Ct. at 761). A corporation is undeniably "at home" in both the state where it is incorporated and the state where it is headquartered. *Daimler*, 134 S. Ct. at 760. A corporation may also be considered "at home" outside those states, but only in "exceptional case[s]." *BNSF*, 137 S. Ct. at 1558; *see Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445–49 (1952) (a foreign corporation that temporarily relocated its operating headquarters was subject to the general jurisdiction of the court located in that venue). However, "'a corporation that operates in many places can scarcely be deemed at home in all of them.'" *BNSF*, 137 S. Ct. at 1559 (quoting *Daimler*, 134 S. Ct. at 761).

Defendant is a Missouri corporation with a principal place of business in Texas. (Dkt. No. 21 at 1.) For purposes of general jurisdiction, Defendant is undeniably at home in those states. *Daimler*, 134 S. Ct. at 760. Plaintiff suggests that Defendant's business operations in Washington—amounting to 10 percent of its workforce and 14 percent of its revenue—are so great that it is "at home" in Washington as well. (Dkt. No. 23 at 7–8); (*see* Dkt. No. 21 at 2). The Court disagrees. *See BNSF*, 137 S. Ct. at 1554, 1559 (United States District Court for the District of Montana lacked general jurisdiction over a corporation with activities in multiple states, including significant revenue and employees in Montana). Accordingly, the Court finds this

ORDER
C18-0116-JCC
PAGE - 3

Court lacks general personal jurisdiction over Huntleigh.

### C. Specific Jurisdiction

Specific jurisdiction permits a district court to exercise jurisdiction over a nonresident defendant for conduct that "create[s] a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). To prove that specific jurisdiction exists in a tort-based action, a plaintiff must demonstrate that: (1) a defendant purposefully directed its activities at the forum state, (2) the lawsuit arises out of or relates to the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Picot*, 780 F.3d at 1211. A defendant purposefully directs its conduct toward a forum state when its actions are intended to have an effect within the state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2003). This occurs if the defendant: "(1) commit[s] an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Financial Co.*, 873 F.3d 1136, 1142 (9th Cir. 2017).

While Plaintiff alleged that Huntleigh committed an intentional act—negligently caring for Ms. Kekona at the Portland International Airport—Plaintiff has not plausibly alleged that any of Huntleigh's actions in this matter were expressly aimed at Washington. *See Schwarzenegger*, 374 F.3d at 807. Plaintiff argues, for example, that as Alaska Airlines' agent, Huntleigh was bound by the contract Alaska Airlines entered into with Ms. Kekona in Washington. (Dkt. No. 23 at 18–19.) But this is incorrect. While an *agent's* actions within a forum state may subject a foreign *principal* to that state's jurisdiction, the inverse is not true. *Wells Fargo & Co. v. Wells Fargo Exp. Co.,* 556 F.2d 406, 420–21 (9th Cir. 1977). Plaintiff also argues that Huntleigh should have known its actions would effect "a resident of another forum." (Dkt. No. 23 at 1.) But a "mere foreseeable effect" in the forum state is insufficient to establish purposeful direction. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006). Accordingly the Court finds Plaintiff also lacks specific personal jurisdiction over Huntleigh.

//

### D. Jurisdictional Discovery

In the absence of facts to establish jurisdiction, Plaintiff asks the Court delay its decision on Huntleigh's motion to dismiss and permit jurisdictional discovery. (Dkt. No. 23 at 23–24.) The Court declines to do so. Jurisdictional discovery is appropriate where "pertinent facts bearing on the question of jurisdiction are controverted or whether a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc*, 788 F.2d 535, 540 (9th Cir. 1986). Neither are present in this instance.

## III. CONCLUSION

For the foregoing reasons, Huntleigh's motion to dismiss (Dkt. No. 20) is GRANTED and Plaintiff's request for jurisdictional discovery (Dkt. No. 23 at 23) is DENIED.

DATED this 11th day of April 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE