UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Estate of BERNICE KEKONA, by its Personal Representative, Darlene Bloyed,<br><br>                Plaintiff,<br>    v.<br><br>ALASKA AIRLINES, INC., *et al.*,<br><br>                Defendants. | CASE NO. C18-0116-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 72). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

The Court has described the facts of this case in a previous order and will not repeat them here. (*See* Dkt. No. 22 at 1–3.) Plaintiffs initially filed this case in state court and, in January 2018, Defendants removed it on the basis of federal question jurisdiction. (Dkt. No. 1.) In February 2019, Defendants filed a motion for summary judgment. (Dkt. No. 56.) In March 2019, Plaintiff filed a motion to remand the case to state court, arguing that a July 2018 Ninth Circuit decision established that this Court lacks subject matter jurisdiction. (Dkt. No. 72.)

//

## II. DISCUSSION

### A. Removal Jurisdiction

A defendant may timely remove a state court action to federal court if the federal court in question has original jurisdiction over the dispute. 28 U.S.C. § 1441(a). As the removing party, Defendants have the burden of establishing that removal is proper, and the Court must resolve all doubts as to removability in favor of remand. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In their notice of removal, Defendants asserted that this Court has federal question jurisdiction over this case. (Dkt. No. 1 at 3–6.)

### B. Federal Question Jurisdiction

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To properly remove based on federal question jurisdiction, a defendant must show that the plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)). With regard to the latter option, the Supreme Court has clarified that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Despite the fact that she appears to allege that her complaint once pled causes of action under the Air Carrier Access Act ("ACAA") (*see* Dkt. No. 81 at 1–2, 5–6), Plaintiff's complaint pleads state law causes of action (*see* Dkt. No. 1-2 at 15–17, 19–20), and both parties agree that the ACAA establishes the standard of care owed to Plaintiff (Dkt. Nos. 56 at 9–10, 66 at 13–15, 72, 80). Defendants assert that Plaintiff's state law claims

necessarily depend on resolution of a substantial question of federal law. (Dkt. No. 80.)

"The substantiality inquiry . . . looks . . . to the importance of the issue to the federal system as a whole," and is not concerned with the "importance of the issue to the plaintiff's case and to the parties before it." *Gunn*, 568 U.S. at 260. Normally, state tort claims that apply federal standards of care do not give rise to federal question jurisdiction. *See id.* at 259–60; *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312–14 (2005); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808–12, 814 (1986). However, rare state tort claims that require the court to resolve a substantial issue of federal law may give rise to federal question jurisdiction. *See Grable*, 545 U.S. at 315.

Here, Defendants argue that Plaintiff's state tort claims give rise to federal question jurisdiction because the Court must decide whether ACAA regulations require air carriers to do more than the regulations' plain language suggests. (*See* Dkt. No. 80.) Specifically, Defendants argue that this case turns on whether the ACAA requires air carriers to always provide assistance to a disabled passenger if that service is requested ahead of time, regardless of whether the passenger later declines that service. (*See id.*) Although this question may be a substantial issue of federal law, it is not one that the deciding court will necessarily be required to answer. In her summary judgment briefing, Plaintiff argues that Ms. Kekona did not decline the service and that Defendants breached their duty by simply failing to provide services that were requested. (*See* Dkt. No. 66.) In other words, the deciding court will not have to determine whether the ACAA requires air carriers to do more than the regulations outline because Plaintiff does not allege that Defendants violated the ACAA by failing to provide services to Ms. Kekona, regardless of whether Ms. Kekona declined those services. This case does not involve interpretation of federal law; instead, it is a "garden variety" state tort claim, which, like many state tort claims, happens to have a federal standard of care. Therefore, there is no federal question jurisdiction and the Court lacks subject matter jurisdiction in this case.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 72) is GRANTED. The Clerk is DIRECTED to terminate as moot Docket Numbers 56 and 64.

DATED this 23rd day of April 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE